UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION No. 20 2828 East 45th Street, P.O. Box 20530 Indianapolis, Indiana 46220 | CASE NO.: |
| Relator, | **1:12-cv-0830 JMS-TAB** Judge Magistrate Judge |
| vs. | |
| HORNING INVESTMENTS, LLC DBA HORNING ROOFING & SHEET METAL COMPANY, LLC 2340 Enterprise Park Place, Indianapolis, Indiana 46218 | COMPLAINT SUBMITTED UNDER SEAL FOR VIOLATIONS OF THE FALSE CLAIMS ACT |
| Statutory Agent: John B. Urbahns 7914 North Shadeland Avenue Suite 200 Indianapolis, Indiana 46250, | Allotta, Farley & Widman Co. LPA |
| and | Elijah D. Baccus (#29609-02) Marilyn L. Widman (#20698-02) 2222 Centennial Road Toledo, Ohio 43617 |
| RONALD PHELPS, II 2340 Enterprise Park Place Indianapolis, Indiana 46218, | Ph.: (419) 535-0075 Fax: (419) 535-1935 ebaccus@afwlaw.com mwidman@afwlaw.com Attorneys for Plaintiff |
| Defendants. | |

Relator, United States of America, ex rel. Sheet Metal Workers International Association, Local

Union No. 20, through its attorneys of record, sues Defendants, Horning Investments, LLC, d/b/a

1

Horning Roofing & Sheet Metal Company, LLC; and Ronald Phelps, II, alleging the following:

## PARTIES

1.      Sheet Metal Workers International Association, Local Union No. 20 ("Relator" or "Local 20") brings this action on behalf of the United States Government.  Local 20 is a labor organization within the meaning the National Labor Relations Act, 29 U.S.C. §152(5), with a principal place of business located in Indianapolis, Indiana.

2.      Defendant, Horning Investments, LLC, d/b/a Horning Roofing & Sheet Metal Company ("Horning"), is an Indiana For-Profit Limited Liability Company whose principle place of business is located at 2340 Enterprise Park Place, Indianapolis, Indiana 46218. Horning's statutory agent for service of process is John Urbahns, 7914 North Shadeland Avenue, Suite 200, Indianapolis, Indiana  46250.

3.      Defendant Ronald Phelps, II ("Phelps"), President and General Manager of Horning, is an individual citizen of the State of Indiana, whose employment address is 2340 Enterprise Park Place, Indianapolis, Indiana 46218. Relator sues Defendant Phelps in his professional and personal capacities.

## JURISDICTION/VENUE

4.      The causes of action in this Complaint arise from Defendant Horning, Defendant Phelps and Unknown Defendants' (collectively "Defendants") violations of the Davis-Bacon Act ("DBA"), 40 U.S.C. §3141 *et seq.*,  and the False Claims Act (the "FCA") 31 U.S.C. §3729 *et seq.*  This Court has jurisdiction pursuant to 31 U.S.C. §3732(a) and 28 U.S.C. §1331.

5.      Horning's principle place of business is located in the judicial district encompassing the United States District Court for the Southern District of Indiana. Accordingly, venue is proper under 31 U.S.C. §3732(a) and 28 U.S.C. §1391(b)(2).

## FACTS

6.      Horning is a construction company specializing in roofing and sheet metal work.

7.      Horning, under the supervision of Phelps, responded to bid solicitations for work covered by the DBA on the Dayton VA Medical Center in Dayton, Ohio, specifically, the replacement of some or all of the roofing on the VA Medical Center (the "Project").

8.      Upon information and belief, the General Contractor on the Project was KT Construction.

9.      Upon information and belief, the bid solicitations for the Project included the Davis-Bacon wage setting for commercial projects in Montgomery County, Ohio, including a wage setting for the Roofer Classification.

10.     The General Contractor awarded the Project to Horning.

11.     Horning began performing work on the Project in or around July 2011.

12.     Upon information and belief, Horning complied with U.S. Department of Labor's ("DOL") regulations requiring contractors and subcontractors to submit Certified Payroll Registers ("CPR") and Statements of Compliance ("SOC") weekly to the General Contractor or the Veterans Administration ("VA").

13.     In August 2011, a member of Local 20, Nicholas Kent ("Kent"), began working for Horning, which assigned Kent to work on the Project.

14.     Kent exclusively worked on the site of the Project, as a Roofer, under the direction of Horning Superintendent Bill Cargil from August 2011 through November 2011.

15.     The Roofer wage setting for commercial work covered by the DBA had been $33.94 per hour, when the wage and fringe benefit rates are added together, since September 1, 2009.

16.     Kent's payroll records indicate Horning paid him $30.00 per hour for work performed on the

Project as a Roofer, from which Horning deducted $3.10 per hour as Salt's 401(k) contributions.

17.     Additionally, Horning deducted $5.00 per hour from Kent's wages and, upon information and belief, from other Horning employees' wages for work performed on the Project.

18.     Also upon information and belief, Horning deposited the $5.00 per hour into a "prevailing wage fund" (the "Fund.")

19.     Kent did not authorize Horning to deduct $5.00 per hour from his wages and did not receive any benefit from his contributions to the Fund.

20.     Upon information and belief, Horning used the monies in the Fund to repair damaged equipment and to supplement Horning's wage obligation on other construction projects, thereby allowing Horning to more competitively bid other projects.

21.     Horning submitted Certified Payroll Records ("CPR") and Statements of Compliance ("SOC") weekly to either the General Contractor or the VA, or both, certifying the wages paid to its employees, including Salt, on the Project.

22.     By signing a SOC, the individual signing the document certifies the CPR contains a complete listing of all employees and accurately reflects the wages the employees were actually paid.

23.     Upon information and belief, the CPR and SOC were made or caused to be made by Defendants.

## COUNT I
### Liability under the False Claims Act for Making or Causing to be Made False Records Material to a False Claim

24.     Relator reallages paragraphs one through twenty-three as if fully set forth verbatim below.

25.     Defendants made or caused to be made the CPR and SOC in order to comply with the reporting

requirements of the DBA and the Copeland Act.

26.     Defendants knew the CPR and SOC were false within the meaning of the FCA because they had access to records which showed Salt and other employees were not receiving the compensation required by the DBA wage determination.

27.     The CPR and SOC were material to Defendants receiving payment on the Project because Defendants could not be paid absent completed CPR and SOC.

28.     Defendants submitted the false records contained in the CPR and SOC to either the public authority or the General Contractor on the Project.

29.     The public authority, responsible for enforcement of the DBA and the Copeland Act on the Project, did not discover Defendants violations of the DBA or the Copeland Act because of the falsity of the CPR and SOC.

30.     The United States Government was damaged by Defendants' conduct because it did not receive the bargain it made for the Project. Specifically, the United States Government bargained for all individuals performing work on the project to be paid at the rates established in the DBA wage setting, and Defendants did not pay their employees such rates.

## COUNT II
### Liability under the False Claims Act for Presenting a False Claim for Payment

31.     Relator reallages paragraphs one through thirty as if fully set forth verbatim below.

32.     The CPR and SOC were false because the documents either did not identify Salt or did not list the actual amount Horning compensated Salt, e.g. $25.00 per hour.

33.     Defendants are required to submit the CPR and the SOC in order to receive payment on a contract covered by the DBA.

34.     The DBA demonstrates it is the official policy of the United States Government to ensure that

5

workers are paid the prevailing wage in the area for construction projects funded in whole or part by the U.S. Government.

35.     Defendants submitted CPR to the VA or the General Contractor in order to receive payment on the contract.

36.     Defendants knew the CPR were false in that the CPR either did not identify all workers employed on the Project or did not contain the actual amount it paid employees.

37.     Defendants submitted SOC to the VA or the General Contractor on a weekly basis which contained information known to be false, specifically, Defendants did not pay its employees the applicable hourly DBA wage rate.

38.     Defendants made false statements by under the Federal False Claims Act, 31 U.S.C. § 3729(a)(1) by:

(a)     Submitting weekly SOC stating it was paying the applicable wage rate to all Roofers on the Project;

(b)     Submitting weekly SOC stating it had paid all employees the applicable wage rate; and.

(c)     Submitting weekly CPR showing all employees were paid the applicable wage rate when in fact Defendants deducted $5.00 per hour from at least one employee's wages.

39.     The United States Government was damaged by Defendants' conduct because it did not receive the bargain it made for the Project. Specifically, the United States Government bargained for all individuals performing work on the project to be paid at the rates established in the DBA wage setting, and the individuals who worked for Defendants did not get paid such rates.

WHEREFORE, Relator demands that judgment be rendered jointly and severally against Defendants,

Horning Investments, LLC, d/b/a Horning Roofing & Sheet Metal Company, LLC; and Ronald Phelps,

II, granting Relator the following relief:

(A) The entire value of the contract for the Project on which Horning falsified the documents necessary to receive payment on the contract, plus three times this amount in liquidated damages as required by 31 U.S.C. §3729(a)(1);

(B) Relator's expenses, fees, including attorney fees, and costs as required by 31 U.S.C. §3730(d)(1);

(C) Civil penalties of not more than $5,000.00 for each false claim made, presented, or submitted, or caused to be made, presented or submitted on the project as required by 31 U.S.C. §3802(a); and

(D) Any other relief, legal, equitable, or injunctive, that is warranted.

Respectfully submitted,

Elijah D. Baccus (#29609-02)

## CERTIFICATE OF SERVICE

I hereby certify Plaintiff's Complaint was sent by ordinary U.S. mail, postage prepaid, this 13th day of June 2012 to:

Eric H. Holder, Jr.
U.S. Attorney General
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Office of the United States Attorney
United States Court House
10 W Market St, Suite 2100
Indianapolis, IN 46204

U.S. Department of Justice
Civil Frauds Section
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC  20044

_____
Elijah D. Baccus (#29609-02)

8